UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7:18-cv-105-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FEDERAL BUREAU OF PRISONS, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Raymond Edward Chestnut is an inmate at the United States Penitentiary (USP)—Big Sandy in Inez, Kentucky. Proceeding without an attorney, Chestnut has filed a complaint against the Federal Bureau of Prisons (BOP) seeking $10,000 in money damages for the BOP's alleged violation of the Privacy Act, 5 U.S.C. § 552a. [R. 1.] By separate order, the Court granted Chestnut's motion to proceed without prepayment of the filing fee. [R. 6.] The Court now conducts a preliminary review of Chestnut's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

Upon this initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). Because Chestnut is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Chestnut's factual allegations as true and liberally

construes Chestnut's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the generosity afforded to *pro se* plaintiffs, Chestnut's case will be dismissed. As a preliminary matter, Chestnut has failed to pay the initial partial filing fee required by the Court's prior Order. [*See* R. 6 at 1 (directing Chestnut to pay the fee within twenty-eight days).] Furthermore, Chestnut's complaint fails to state a claim upon which relief may be granted and will be dismissed under the terms of the Prison Litigation Reform Act. *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Chestnut's complaint alleges that the BOP violated the Privacy Act first by failing to maintain accurate records about his custody classification, and then by failing to amend the inaccurate records even after Chestnut reported the mistake. The Privacy Act does allow an individual to file a civil action against an agency which refuses to amend its records upon request or fails to accurately maintain its records. *See* 5 U.S.C. § 552a(g). However, the Privacy Act also allows an agency director to promulgate regulations ***exempting*** certain agency records from the Act in various circumstances. *See* 5 U.S.C. § 552a(j)(2). Unfortunately for Chestnut, the record he takes issue with has not been exempted from section (g) of the Privacy Act—the section that would allow him to pursue a civil action for money damages against the BOP.

According to 28 C.F.R. § 16.97, the BOP's Inmate Central Records System is exempt from the Privacy Act's cause of action provision. 28 C.F.R. § 16.97(j); *see also, e.g.*, *Harrison v. Federal Bureau of Prisons*, 248 F. Supp. 3d 172, 180–81 (D.D.C. 2017); *Allmon v. Federal Bureau of Prisons*, 605 F. Supp. 2d 1 (D.D.C. 2009). Further, per a 2015 BOP Program Statement, the Inmate Central Records System includes an inmate's custody classification form. *See* BOP Program Statement 5800.17, Inmate Central File, Privacy Folder, and Parole Mini-Files

at 16 (April 3, 2015), *available at* https://www.bop.gov/policy/progstat/5800_017.pdf.  Thus, the Court finds as a matter of law that that the Privacy Act affords Chestnut no cause of action regarding his custody classification form.  *See Harrison*, 248 F. Supp. 3d at 181 (dismissing inmate's complaint that his presentence report was inaccurate because that record was exempt from the Privacy Act); *Allmon*, 605 F. Supp. 2d at 6 (dismissing inmate's complaint that the BOP was relying on inaccurate information to deny him halfway house placement, where that information was also exempt from the Privacy Act).  Because this is the record with which Chestnut takes issue [*see* R. 1 at 2 (alleging the BOP failed to amend "his male custody classification form")], Chestnut's complaint fails to state a claim upon which relief may be granted.

Accordingly, the Court hereby **ORDERS** that this matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This the 14th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge